**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BENJAMIN WATERHOUSE** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:25-CV-691** |
| | § | |
| **DIABLO TOOLS; FREUD AMERICA** | § | |
| **INC.; AND HOME DEPOT USA, INC.** | § | |
| *Defendants.* | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Benjamin Waterhouse ("Plaintiff") who files this complaint, complaining of the acts and omissions of Defendants Diablo Tools ("Diablo Tools") and Freud America, Inc. ("Freud") (collectively, Diablo/Freud); and Home Depot USA, Inc. ("Home Depot") and who would show the Court as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this lawsuit based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Diablo Tools and Freud are headquartered in North Carolina. Home Depot is also a foreign corporation headquartered in Georgia. Further, the amount in controversy is in excess of $75,000.

2. This Court has jurisdiction over the parties referenced above because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas. Moreover, this Court has personal jurisdiction over the defendants because they do business in the State of Texas on a continuous and systematic basis, and committed a tort in the State of Texas, namely in this District. For the same reasons, venue is proper in this District.

## II.   PARTIES

3.   Plaintiff is an individual residing in Harris County, Texas.

4.   Defendant Diablo Tools is a privately held foreign corporation with its headquarters located at 218 Feld Avenue, High Point, North Carolina 27263.

5.   Defendant Freud is a foreign corporation with its headquarters located at  218 Feld Avenue, High Point, North Carolina 27263. Freud may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620 Austin, TX 78701-4234 USA. Upon information and belief, Diablo and Freud are comingled and indistinct companies that do business in the State of Texas. Further, it appears that Freud is the corporate entity with control over Diablo.

6.   Defendant Home Depot is a foreign corporation with its headquarters located at 2455 Paces Ferry Road, Atlanta, GA 30339-4024. Home Depot may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## III.   FACTS

7.   On or about August 30, 2024, Plaintiff was utilizing a recently purchased Diablo trim bit. At the time, Plaintiff was utilizing the Diablo trim bit to make a piece of furniture. Plaintiff purchased the Diablo trim bit from Home Depot approximately two weeks prior to the incident. However, Plaintiff did not use the Diablo trim bit until August 30, 2024.

8.   Upon information and belief, while Plaintiff was using the Diablo trim bit, part of the blade on the Diablo trim bit snapped off and pierced Plaintiff's hand.

9.   As a result of the injury, Plaintiff suffered a severe injury to his hand that still plagues him to date. Moreover, it is unclear whether Plaintiff will regain complete use of his hand.

## IV.    CAUSES OF ACTION

### A. *Strict Products Liability against Diablo/Freud*

10. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

11. The trim bit was defective in its design and marketing when Diablo/Freud placed the trim bit into the stream of commerce. Specifically, the trim bit was not properly designed such that it would not break during use. Further, Diablo/Freud did not provide adequate warnings regarding: 1) how to safely operate the trim bit in light of its deficient design, and 2) the risks and dangers posed to operators attempting to utilize the trim bit for its intended purpose.

12. As a result of these defects, the trim bit was unreasonably dangerous and posed an unreasonable risk of harm to Plaintiff when used for the purpose for which it was intended.

13. At the time the trim bit was manufactured, a safer alternative design that would not break during use was available.

14. Diablo/Freud owed a duty of care to design, manufacture, test, market, advertise, label, distribute, and/or sell the Diablo trim bit such that the subject bit was safe for its foreseeable use.

15. The Diablo trim bit was defective because it was designed, manufactured, and/or distributed with product defects and/or insufficient redundancies that allowed the subject bit to snap off and injure Plaintiff.

16. The Diablo trim bit was operated in a manner intended and/or reasonably foreseeable by Diablo/Freud at the time of his injury.

17. Designing, manufacturing, and/or distributing the subject bit with a design/manufacture that would function as intended would have prevented or significantly reduced the risk of injury.

18. Diablo/Freud knew or should have known by the application of existing or reasonably achievable scientific knowledge that a properly functioning trim bit that would not snap off and pierce Plaintiff's hand was both economically and technologically feasible at the time the subject bit was designed, manufactured, and/or distributed.

19. At the time the subject bit was manufactured, a safer alternative design that would not break upon use was available.

20. In addition, the subject trim bit lacked adequate warnings regarding the potential for failure of the trim bit to snap off and injure the user. Further, Diablo/Freud learned of the defect in the bit and failed to warn Plaintiff and allowed Plaintiff to continue to use the subject bit creating an immense risk to Plaintiff.

21. As a direct and proximate result of the defective condition of the Diablo trim bit, the product was rendered unreasonably dangerous, and Plaintiff suffered the injuries and damages described herein.

22. The subject bit reached Plaintiff without any substantial change in its condition from the time it was originally sold by Diablo/Freud and Home Depot.

**B. *Negligence and Gross Negligence Against Defendants Diablo/Freud***

23. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

24. Defendant Diablo/Freud had a duty to exercise reasonable care in the design, manufacture, testing, sale labeling, and/or distribution of the Diablo trim bit it placed into the stream of commerce, including a duty to ensure its product did not cause unreasonable or unnecessary injury.

25. Defendant Diablo/Freud was negligent in the design, manufacture, sale, testing, and/or distribution of the Diablo trim bit in that it:

a. Included nonfunctional trim bit;

b. Failed to properly design, manufacture, and install a trim switch that would not break, snap, dislodge, eject, or become a projectile during use;

c. Failed to use due care and/or provide adequate warnings regarding the Diablo trim bit;

d. Placed an unsafe product into the stream of commerce; and

e. Failed to Discover or warn of the dangers associated with the use of the Diablo trim switch despite having actual and/or constructive knowledge of such dangers.

26. Each of these acts or omissions by Defendants Diablo/Freud when viewed objectively from its standpoint at the time of Plaintiff's injury, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.

27. As a direct and proximate result, Plaintiff suffered the injuries and damages described herein.

28. Plaintiffs would further show that Diablo/Freud acted with gross negligence as defined by Texas Civ. Prac. & Rem. Code Section 41.003(a)(3).

29. Diablo/Freud failed to timely and adequately inform Plaintiffs of the known and foreseeable dangers associated with a damaged or defective trim bit. Rather than informing Plaintiff of the foreseeable dangers and risks associated with the Diablo trim bit, Diablo/Freud merely sent Plaintiff on his way.

30. Said conduct amounts to gross negligence as defined under Texas law.

## C. *Strict Products Liability against Home Depot*

31. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

32. Home Depot owed a duty of care to design, manufacture, market, advertise, label, distribute, and/or sell the Diablo trim bit such that the subject bit was safe for its foreseeable use.

33. The Diablo trim bit was defective because it was designed, manufactured, and/or distributed with a product defects and/or insufficient redundancies that allowed the subject bit to snap off and injure Plaintiff.

34. The Diablo trim bit was operated in a manner intended and/or reasonably foreseeable by Diablo/Freud and/or Home Depot at the time of his injury.

35. Designing, manufacturing, and/or distributing the subject bit with a design/manufacture that would function as intended would have prevented or significantly reduced the risk of injury.

36. Defendant knew or should have known by the application of existing or reasonably achievable scientific knowledge that a properly functioning trim bit that would not snap off and pierce Plaintiff's hand was both economically and technologically feasible at the time the subject bit was designed, manufactured, and/or distributed.

37. In addition, the subject trim bit lacked adequate warnings regarding the potential for failure of the trim bit to snap off and injure the user. Further, Home Depot learned of the defect in the bit and failed to warn Plaintiff and allowed Plaintiff to continue to use the subject bit creating an immense risk to Plaintiff.

38. As a direct and proximate result of the defective condition of the Diablo trim Bit, the product was rendered unreasonably dangerous, and Plaintiff suffered the injuries and damages described herein.

### D. *Negligence and Gross Negligence Against Defendant Home Depot*

39. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40. The subject bit reached Plaintiff without substantial change in its condition form the time it was originally distributed by Home Depot.

41. Defendant Home Depot had a duty to exercise reasonable care in the design, manufacture, testing, sale labeling, and/or distribution of the Diablo trim bit it placed into the stream of commerce, including a duty to ensure its product did not cause unreasonable or unnecessary injury.

42. Defendant Home Depot was negligent in the design, manufacture, sale, testing, and/or distribution of the Diablo trim bit in that it:

   a. Included nonfunctional trim bit;

   b. Failed to properly design, manufacture, distribute, sell, and install a trim switch that would not break, snap, dislodge, eject, or become a projectile during use;

   c. Failed to use due care and/or provide adequate warnings regarding the Diablo trim switch;

   d. Placed an unsafe product into the stream of commerce; and

   e. Failed to Discover or warn of the dangers associated with the use of the Diablo trim switch despite having actual and/or constructive knowledge of such dangers.

43. Each of these acts or omissions by Home Depot when viewed objectively from its standpoint at the time of Plaintiff's injury, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.

44. As a direct and proximate result, Plaintiff suffered the injuries and damages described herein.

45. Plaintiffs would further show that Home Depot acted with gross negligence as defined by Texas Civ. Prac. & Rem. Code Section 41.003(a)(3).

46. Home Depot failed to timely and adequately inform Plaintiff of the known and foreseeable dangers associated with a damaged or defective trim bit. Rather than informing Plaintiff of the foreseeable dangers and risks associated with the Diablo trim bit, Home Depot merely sent Plaintiffs them on their way.

47. Said conduct amounts to gross negligence as defined under Texas law.

## V.   DAMAGES FOR PLAINTIFF

48. Plaintiff re-alleges and incorporates herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

49. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered grievous injuries, and incurred the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Physical impairment in the past;

f. Physical impairment, which in all reasonable probability, will be suffered in the future;

g. Loss of earnings in the past;

h. Loss of earning capacity, which will in all probability, be incurred in the future;

i. Loss of household services in the past;

j. Loss of household services in the future;

k. Mental anguish in the past;

l. Mental anguish in the future;

m. Fear of future disease or condition;

n. Cost of medical monitoring and prevention in the future;

o.  Attorney's fees and expenses;

p.  Costs and interest;

q.  Exemplary damages; and

r.  Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## VI.    CONCLUSION & PRAYER

50. For these reasons, Plaintiff respectfully pray that Defendants Diablo/Freud, and Home Depot be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiff against all Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Cesar Tavares*
Cesar Tavares
State Bar No. 24093726
Alma J. Reyes
State Bar No. 24064392
Michael Samaniego
State Bar No. 24115715
Alejandro Salicrup
State Bar No. 24138723
8441 Gulf Frwy, Suite 600
Houston, Texas 77017-5001
(713) 230-2200- Telephone
(713) 643-6226- Facsimile
tavareslitteam@whlaw.com - E-Service Email

**ATTORNEYS FOR PLAINTIFF**